

U.S. Department of Justice

United States Attorney

District of Columbia



Judiciary Center
555 Fourth St N.W
Washington, D C. 20001

October 24, 2007

Mary Manning Petras, Esq.
Federal Public Defender's Office
625 Indiana Avenue, N.W.
Suite 550
Washington, DC 20003

07-293  FILED
NOV 28 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Re: *United States v. Sandy Jones*

Dear Ms. Petras:

This letter sets forth the full and complete plea offer to your client, Sandy Jones, from the Criminal Division of the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). This plea offer will expire on October 31, 2007. If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Plea Agreement. The terms of the offer are as follows:

1.  **Charges and Statutory Penalties**

Your client agrees to plead guilty to Count One of the attached Information, charging her with First Degree Fraud, in violation of 22 D.C. Code §§ 3221(a), 3222(a)(1). Your client will plead not guilty to Count Two of the Information.

Your client understands that Count One carries a maximum sentence of ten years of imprisonment, a fine of $5,000 or three times the value of the property obtained or lost, an assessment of $100-$5,000 to the Crime Victims Compensation Fund, a three-year term of supervised release, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made.

In consideration of your client's plea to the above offense, your client will not be further prosecuted criminally by this Office for the conduct set forth in the attached Statement of Offense.

At the conclusion of the sentencing hearing, the Government will move to dismiss Count Two of the Information. Your client agrees that with respect to any and all dismissed charges your client is not a "prevailing party" within the meaning of the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law.

2. **Factual Stipulations**

Your client agrees that the attached "Statement of the Offense" fairly and accurately describes your client's actions and involvement in the offense to which your client is pleading guilty. It is anticipated that prior to or during the plea hearing, your client will adopt and sign the Statement of the Offense as a written proffer of evidence.

3. **Sentencing Considerations**

Your client understands that the sentence in this case will be determined by the Court, which will consider the District of Columbia Sentencing Commission's Voluntary Sentencing Guidelines (the "Guidelines").

The parties agree that First Degree Fraud is a Group Nine offense.

The government agrees to recommend that your client's sentence be within the Guidelines range determined by the Court, but will make no recommendation regarding where, within the Guidelines range, the sentence should be. The government agrees not to file any applicable enhancement papers. In all other respects, except as otherwise provided in this Agreement, the government reserves its full right of allocution. Except as otherwise provided in this Agreement, your client reserves her full right of allocution.

4. **Court Not Bound by the Plea Agreement**

It is understood that the Court is not bound by the above stipulations, either as to questions of fact or as to the parties' determination of the applicable Guidelines range, or other sentencing issues. In the event that the Court considers any Guidelines calculations different from any stipulations contained in this Agreement, or contemplates a sentence outside the Guidelines range, the parties reserve the right to answer any related inquiries from the Court.

5. **Court Not Bound by the Non-Mandatory Sentencing Guidelines**

It is understood that the sentence to be imposed upon your client is determined solely by the Court. It is understood that the Sentencing Guidelines are not binding on the Court. Your client acknowledges that your client's entry of a guilty plea to the charged offenses authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range. The Government cannot, and does not, make any promise or representation as to what sentence your client will receive. Moreover, it is

2

understood that your client will have no right to withdraw your client's plea of guilty should the Court impose a sentence outside the Guidelines range.

6.  **Restitution**

In addition to the other penalties provided by law, the Court may also order that your client make restitution under 16 D.C. Code § 711.

Your client agrees to pay restitution of $30,000.00.

7.  **Release/Detention**

Your client acknowledges that while the Government will not seek to have your client detained pending sentencing, the final decision regarding your client's bond status or detention will be made by the Court at the time of your client's plea of guilty. Should your client engage in further criminal conduct prior to sentencing, however, the Government may move to change your client's conditions of release.

8.  **Breach of Agreement**

Your client understands and agrees that if, after entering this Plea Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Plea Agreement. In the event of such a breach: (a) the Government will be free from its obligations under the Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Agreement, including your client's statements made during proceedings before the Court pursuant to Fed. R. Crim. P. 11.

Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules.

Your client understands and agrees that the Government shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. Your client further understands and agrees that the Government need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

9. **Waiver of Statute of Limitations**

It is further agreed that should the conviction following your client's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution related to the Statement of Offense that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution related to the Statement of Offense that is not time-barred on the date that this Agreement is signed.

10. **Complete Agreement**

No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

Your client further understands that this Agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

If the foregoing terms and conditions are satisfactory, your client may so indicate by signing the Agreement in the space indicated below and returning the original to me once it has been signed by your client and by you or other defense counsel.

Sincerely yours,

*Jeffrey A Taylor /HS*
JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

*Howard R Sklamberg*
Howard R. Sklamberg
D.C. Bar Number 453852
Assistant United States Attorney
Fraud & Public Corruption Section
555 Fourth Street, N.W.
Room 5836
Washington, DC 20001
(202) 514-7296

## DEFENDANT'S ACCEPTANCE

I have read this Plea Agreement and have discussed it with my attorney, Mary Manning Petras, Esquire. I fully understand this Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I am pleading guilty because I am in fact guilty of the offenses identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by my attorney in connection with this Plea Agreement and matters related to it.

Date: 11/28/07                        *Sandy Jones*
                                      Sandy Jones
                                      Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this Plea Agreement, reviewed them with my client, and discussed the provisions of the Agreement with my client, fully. These pages accurately and completely sets forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set

5

forth in this Agreement.

Date: 11/28/07

_____
Mary Manning Petras, Esquire
Attorney for the Defendant