IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | 07-CR-293 (JWR) |
| SANDY JONES | : | |

### MEMORANDUM IN AID OF SENTENCING

Ms. Sandy Jones, through undersigned counsel, respectfully submits the following objection to the Presentence Investigation Report and additional information for the Court's consideration in determining an appropriate sentence. For the following reasons, Ms. Jones respectfully requests that the Court impose a sentence of probation.

### Factual Background

Ms. Jones is 41 years old and has never before been arrested for or convicted of any criminal offense.[1] Ms. Jones was born and raised in the District of Columbia, where she still lives with her mother and her sixteen year old daughter.

Ms. Jones graduated from Theodore Roosevelt High School in 1985, and subsequently enrolled in Bowie State University. However, she had to withdraw due to financial difficulties after her father died following a heart attack in 1989, and she later became pregnant.

In 1990, Ms. Jones gave birth to her daughter, Tyisha Jones. As a single parent, Ms. Jones has worked hard to raise and provide for her daughter, and has consistently maintained employment. In 1992, she obtained a job with the District of Columbia Public Schools

---

[1] The Presentence Investigation Report states that Ms. Jones referred to a marijuana arrest when discussing substance abuse with the probation officer. Undersigned counsel was not present at that meeting, however, counsel believes that reference may have been to an arrest that, at one time, government counsel incorrectly thought was associated with Ms. Jones.

("DCPS"). She worked for DCPS for 13 years, as a teacher's aide, an administrative assistant, an administrative clerk, and then as a business manager. Until the instant offense, she consistently worked hard and received positive performance appraisals.

This offense occurred more than four years ago, while Ms. Jones was employed at the Moten Center. As the Statement of Offense sets forth, the Moten Center Chess Club received donations in support of their effort to travel to Tennessee for a national chess tournament. Using the donated funds, Ms. Jones, along with several other school officials, traveled with the students to Tennessee for the tournament. The theft occurred later that year when Ms. Jones took some of the remaining funds for her own personal use. As a result, Ms. Jones's employment was terminated.

Ms. Jones acknowledges that there is no excuse for her actions. At the time of the offense, she had moved from her mother's home and was attempting to support herself and her daughter on her own. Ms. Jones was struggling financially and simply succumbed to temptation. Ms. Jones has accepted full responsibility for her actions by entering a pre-indictment guilty plea and agreeing to pay restitution. She is extremely remorseful for her actions and the harm she has caused.

Since the offense occurred in 2003, Ms. Jones has tried to put her life back on track and demonstrate that she can be not only a law-abiding and productive citizen, but a citizen who is active in her community and in the support of others. Since she was terminated from DCPS, Ms. Jones has been working full-time as a senior administrative assistant and event planner. She also works part-time as a sales associate for a clothing store. In addition, Ms. Jones has been an active member of her church. She is a youth mentor, a member of the choir, and a member of the

b

church's emergency assessment unit, receiving certified training to administer CPR. She participates in her neighborhood community meetings, and, along with her mother, she has helped others in her community who have been in need of assistance. In particular, they have been helping to support and mentor a fifteen-year-old young man whose family was financially unable to support him. While helping others, Ms. Jones has continued to work hard to provide support and guidance to her daughter. Tyisha will graduate from the Cesar Chavez Public Charter High School for Public Policy this Spring and will attend Bethune Cookman University in Tallahassee, Florida, this August.

Argument

I. OBJECTION TO PRESENTENCE INVESTIGATION REPORT

Paragraph 43 of the Presentence Investigation Report ("PSR") inaccurately addresses the impact of the plea agreement in this case. The report erroneously states that if Ms. Jones had been found guilty of bank fraud, the calculation under the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") would have included an adjustment for abuse of trust under U.S.S.G. § 3B1.3. Even if the facts of this case constituted a bank fraud,[2] the abuse of trust adjustment would not have been applicable. Section 3B1.3 applies only when "the defendant abused a position of public or private trust, or used a special skill, in a manner that significantly facilitated the commission or concealment of the offense . . . ." As Application Note 1 to § 3B1.3 states, this adjustment applies when the defendant's position is "characterized by professional or managerial discretion (i.e., substantial discretionary judgment that is ordinarily

---

[2] The theft here did not defraud the bank and was not by means of false pretenses or representations to the bank as required for a violation of 18 U.S.C. § 1344(2), the offense charged in count two of the information for jurisdictional purposes.

given considerable deference).""The adjustment does not apply in the case of an embezzlement or theft by an ordinary bank teller or hotel clerk because such positions are not characterized by [these] factors." U.S.S.G. § 3B1.3, Application Note 1. While Ms. Jones had access to the account because she was one of the signatories, she did not have substantial discretionary judgment over the use of the account – the legitimate use of the account was directed by the principal. While she did use the fact that she was a signatory on the account to embezzle the funds for her personal use, this authority was no different than the authority that "an ordinary bank teller" would have. The Probation Office's finding that Ms. Jones had more authority than that akin to an ordinary bank teller is not factually accurate and is not supported by either the agreed upon Statement of the Offense or any other evidence. The adjustment is not applicable here. Although the error in the PSR does not necessarily affect Ms. Jones's sentence because she was not found guilty of bank fraud and the Guidelines do not apply, the error should be corrected.

II. SENTENCING FACTORS.

The District of Columbia Voluntary Sentencing Guidelines ("D.C. Guidelines") recommend a sentence of probation to 12 months incarceration. This is the lowest recommended sentence under the D.C. Guidelines. The government does not oppose a sentence within this range, and the circumstances of this case demonstrate that a sentence at the bottom of the range – that is a sentence of probation – is appropriate.

Ms. Jones's personal characteristics support a sentence that does not involve a period of incarceration. Ms. Jones is forty-one years old and prior to this offense has never been arrested for, let alone convicted of, any offense. This factor weighs strongly in favor of a sentence that does not involve a period of incarceration. As the United Sentencing Commission has

recognized, defendants without any prior contact with the criminal justice system are least likely to recidivate.  See United States Sentencing Commission, Recidivism and the "First Offender", A Component of the Fifteen Year Report on the U.S. Sentencing Commission's Legislative Mandate (May 2004) (offenders with no prior arrests or convictions have the lowest recidivism rate).

Additionally, this offense occurred more than four years ago.  Since that time, Ms. Jones has remained in the community and has been a productive citizen.  She has worked two jobs, raised her daughter, participated in church and community activities, and provided support to less fortunate individuals.   Her behavior during the years since the offense supports a sentence of probation.

Ms. Jones recognizes that one of the factors to consider when imposing a sentence is the need for punishment.  However, this conviction and any probationary sentence will have a significant impact on Ms. Jones and will constitute substantial punishment.  She will have a felony conviction on her record for the remainder of her life.  Because of her actions, she was terminated from her job of 13 years, and the conviction may effect both her current employment and any future employment opportunities.  Moreover, a sentence of probation is a "'substantial restriction of freedom.'" Gall v. United States, __ U.S. __, 128 S.Ct. 586, 595 (2007) (citation omitted).  As the Supreme Court has explained:

> We recognize that custodial sentences are qualitatively more severe
> than probationary sentences of equivalent terms.  Offenders on
> probation are nonetheless subject to several standard conditions
> that substantially restrict their liberty.  See United States v.
> Knights, 534 U.S. 112, 119, 122 S.Ct. 587, 151 L.Ed.2d 497
> (2001) ("Inherent in the very nature of probation is that
> probationers 'do not enjoy the absolute liberty to which every

> citizen is entitled' " (quoting Griffin v. Wisconsin, 483 U.S. 868, 874, 107 S.Ct. 3164, 97 L.Ed.2d 709 (1987))). Probationers may not leave the judicial district, move, or change jobs without notifying, and in some cases receiving permission from, their probation officer or the court. They must report regularly to their probation officer, permit unannounced visits to their homes, refrain from associating with any person convicted of a felony, and refrain from excessive drinking. USSG § 5B1.3. Most probationers are also subject to individual "special conditions" imposed by the court.

Id. at 595-96 (footnote omitted).

### Conclusion

For the foregoing reasons and such other reasons as may be presented at the sentencing hearing, Ms. Jones respectfully requests that the Court impose a sentence of probation.

Respectfully submitted,

A. J. KRAMER
FEDERAL PUBLIC DEFENDER

/s/
_____
MARY MANNING PETRAS
Assistant Federal Public Defender
Suite 550
625 Indiana Avenue, N.W.
Washington, D.C. 20004